IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD J. NEVAREZ,

      Plaintiff,

vs.                                         No. 00-0764 PK/KBM

STATE OF NEW MEXICO
DEPARTMENT OF LABOR and
HOWARD WILLIAMS,

      Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants' Motion to Dismiss Claims Against Defendant State of New Mexico Department of Labor [NMDOL] and Howard Williams filed July 3, 2000 (doc. 4), and the court, being advised fully in the premises, finds that the federal claim should be dismissed against the Defendants with prejudice. Plaintiff has consented to the dismissal of all claims against the NMDOL; and one state law claim against Defendant Williams. Those claims will be dismissed with prejudice, however, the court declines to exercise supplemental jurisdiction over the remaining two contested state law claims against Defendant Williams. Accordingly, those claims will be remanded to state court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988).

Background

According to the complaint, Plaintiff was terminated from his position as a Planner III at the NMDOL when the NMDOL learned of events occurring during his previous employment with the New Mexico Taxation and Revenue Department (NMTRD).  Plaintiff was employed by the NMTRD for approximately twenty-three years and resigned in October 1993.  He was employed by the NMDOL for approximately one week before he was terminated in December 1999.  Plaintiff alleges that Defendant Williams, another NMDOL employee who had previously worked at NMTRD, unlawfully disclosed information about Plaintiff's tax returns and other confidential information about Plaintiff's NMTRD employment.  He further alleges that Defendant Williams made derogatory statements about Plaintiff to other NMDOL employees.

Plaintiff seeks compensatory and punitive damages on the following claims: Count I, wrongful disclosure of confidential information in violation of N.M. Stat. Ann. §§ 7-1-8 and 76 (Michie 1998 Repl. Pamp.); Count II, violation of the right of privacy protected by the United States Constitution brought under 42 U.S.C. § 1983; Count III, defamation; Count IV, prima facie tort.

Concerning the federal claim, Defendants contend that the NMDOL nor Defendant Williams, in his official capacity, are "persons" amenable to suit under § 1983.  Defendant Williams, in his individual capacity, contends that he is protected by qualified immunity.

Discussion

In resolving a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court takes all well-pleaded allegations contained in the complaint as true.  See Sutton v. United Airlines, 527 U.S. 471, 475 (1999).  Well pleaded factual allegations are construed in the light most favorable to the Plaintiff.  See Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 619 (10th Cir. 1998).  At the same time, the court is not allowed to assume that Plaintiff "can prove facts that [he] has not alleged or that the [D]efendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors v. California State Council of Carpenters, 459 U.S. 519, 526 (1983) (footnote omitted).  Under these standards, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The § 1983 claim for damages must be dismissed against Defendant NMDOL and Defendant Williams, in his official capacity, because "neither a State, nor its officials acting in their official capacities are 'persons' under § 1983."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

The § 1983 claim for damages must be dismissed against Defendant Williams, in his individual capacity.  Under the doctrine of qualified immunity, government officials performing discretionary functions are "shielded from liability for civil damages insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A court considering the affirmative defense of qualified immunity must first consider whether the complaint alleges a violation of a constitutional right, and if so, then whether the right was clearly established at the time of the alleged violation. See Conn v. Gabert, 526 U.S. 286, 290 (1999).

Plaintiff contends that N.M. Stat. Ann. § 7-1-8 is the "clearly established law" upon which he relies. Plaintiff must establish that the violation of the state law "either is itself actionable under § 1983 or bears upon the claim of constitutional right that [Plaintiff] asserts under § 1983." Davis v. Scherer, 468 U.S. 183, 193 (1984); Hilliard v. City and County of Denver, 930 F.2d 1516, 1519 (10th Cir. 1991). Plaintiff provides no authority for the former; the text of the statute and its penalty provision[1] do not create a private right of action for damages. See Patterson v. Globe Am. Cas. Co., 685 P.2d 396, 398 (N.M. Ct. App. 1984) (by negative inference, lack of private remedy in statute suggests that legislature did not intend one); but see National Trust for Historic Preservation v. City of Albuquerque, 874 P.2d 798, 802-03 (N.M. Ct. App. 1994) (discussing factors to be employed in deciding whether a statute creates a private right of

---

[1] N.M. Stat. Ann. § 7-1-8 is enforced primarily through misdemeanor criminal sanction and a bar upon state employment for five years. See N.M. Stat. Ann. § 7-1-76.

- 4 -

action, at least in the injunctive relief context).

Plaintiff apparently contends that the state statute creates a constitutionally protected privacy interest that will serve as the basis for his § 1983 claim.  See Hilliard, 930 F.2d at 151.  Plaintiff further contends that he has a legitimate expectation of privacy in state tax information derived from the state statute, the Fourth Amendment and "a universal expectation" that the government will not disclose tax information acquired from individuals.[2]

The Supreme Court has recognized a constitutional right of privacy pertaining to some personal matters.  See Whalen v. Roe, 429 U.S. 589, 599 (1977).  So has the Tenth Circuit.  See Herring v. Keenan, No. 99-1263, 2000 WL 943418, * 3 (10th Cir. July 10, 2000) ("This circuit . . . has repeatedly interpreted the Supreme Court's decision in Whalen . . . as creating a right to privacy in the non-disclosure of personal information.").  The type of information protected is best characterized as "highly personal or intimate."  Nilson v. Layton City, 45 F.3d 369, 372 (10th Cir. 1995); see also  Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).  Examples include information about HIV status, see Herring, 2000 WL 943418, at *3, "confidential medical information," A.L.A. v. West Valley City, 26 F.3d 989, 990 (10th Cir.

---

[2] Even taking the facts in the complaint in the light most favorable to the Plaintiff, it is not at all clear whether Defendant Nevarez acted at the behest of the NMDOL.

1994), and inquiry into "personal sexual matters," Eastwood v. Department of Corrections of the State of Okla., 846 F.2d 627, 631 (10th Cir. 1988).  On the other hand, the Tenth Circuit has held that test grades, Falvo v. Owasso Indep. Sch. Dist. No. I-011, No. 99-5130, slip op. at 10 (10th Cir. July 31, 2000), a public employee reprimand, Flanagan v. Munger, 890 F.2d 1557, 1571 (10th Cir. 1989), a report concerning information about firefighters' alleged unlawful drug use, Mangels v. Pena, 789 F.2d 836, 839 (10th Cir. 1986), and police internal investigation files containing information related to the officers' work as police officers, Lichtenstein, 660 F.2d at 435, were not protected against disclosure by a constitutional right to privacy.  As here, those aggrieved often argued that the information disclosed was given under promise of confidentiality, be it a state statute, or a local regulation or policy.  See Flanagan, 890 F.2d at 1571, & n.16; Mangels, 789 F.2d at 839 & n.3.

    The Tenth Circuit recently has reaffirmed that statutes alone do not create a federal constitutional right to privacy.  See Falvo, No. 99-5130, slip op. at 9-10; Flanagan, 890 F.2d at 1571; Mangels, 789 F.2d at 839.  Contrary to Plaintiff's argument, this is true regardless of the accuracy or inaccuracy of the information and does not turn on whether the information reveals unlawful activity.  See Plaintiff's Response to Defendant's Motion to Dismiss filed July 3, 2000 at 4 (doc. 5).

    Defendant's argument that "the Fourth Amendment to the Constitution . . .

forms the basis for a citizen's expectation of privacy with respect to information which the citizenry is required to provide to the government," id., is not supported by authority.  See Couch v. United States, 409 U.S. 322, 335-36 (1973) (no Fourth Amendment protection for business and tax records turned over to accountant); United States v. Amon, 669 F.2d 1351, 1358 (10th Cir. 1982) (defendants could not claim legitimate expectation of privacy and Fourth Amendment protection in documents voluntarily submitted to IRS); cf. Securities and Exchange Comm'n v. Jerry O'Brien, Inc., 467 U.S. 735, 743 (1984) (under the Fourth Amendment, "when a person communicates information to a third party even on the understanding that the communication is confidential, he cannot object if the third party conveys that information or records thereof to law enforcement authorities").

Without discounting the importance of state law prohibiting disclosure of tax information, the disclosure of such information as alleged does not sufficiently implicate "deeply rooted notions of fundamental personal interests derived from the Constitution."  See Mangels, 789 F.2d at 839.  Whether considered independently, or in combination, Plaintiff's sources for the right are unavailing.[3]  Moreover, unless a state statute determines the parameters of the

---

[3]It bears noting that the lack of constitutional protection does not suggest the lack of any remedy--both state and federal statutes address the unauthorized disclosure of return information.

federal right contended for, its violation of does not preclude qualified immunity. See Davis, 468 U.S. 183, 193-94 (1984); Harrill v. Blount County, Tenn., 55 F.3d 1123, 1126 (6th Cir. 1995); Casines v. Murchek, 766 F.2d 1494, 1501 (11th Cir. 1985).

Given the resolution of the federal claim, only supplemental state law claims remain. When a federal claim no longer supports supplemental jurisdiction, the Tenth Circuit has recognized that, consistent with 28 U.S.C. § 1367(c)(3), the ordinary response will be to dismiss the state claims without prejudice. See Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1237 (10th Cir. 1997); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Plaintiff has consented to the dismissal of the NMDOL as to Counts I and III, and Count IV as to the NMDOL and Defendant Williams. These state-law claims will be dismissed in the interest of judicial efficiency, however, as to the contested state-law claims remaining only against Defendant Williams, the court declines to exercise supplemental jurisdiction over them.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendants' Motion to Dismiss Claims Against Defendant State of New Mexico Department of Labor and Howard Williams filed July 3, 2000 (doc. 4) is granted

in part as follows:

(1) Count II of the complaint is dismissed against Defendants NMDOL and Howard Williams, in his official and individual capacities, with prejudice;

(2) Count IV of the complaint is dismissed against Defendants NMDOL and Howard Williams, with prejudice;

(3) Counts I and III of the complaint are dismissed against Defendant NMDOL, with prejudice;

(4) All claims having been dismissed against it, Defendant NMDOL is dismissed as a party-defendant;

(5) Counts I and III of the complaint against Defendant Howard Williams are remanded to the First Judicial District, Santa Fe County, New Mexico.

DATED this 31st day of July, 2000 at Santa Fe, New Mexico.

*Paul Kelly, Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:
Barbara Pryor, McCary, Wilson & Pryor, Albuquerque, New Mexico for Defendants.

J. Edward Hollington, J. Edward Hollington & Associates, P.A., Albuquerque, New Mexico for Plaintiff.